# AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1164, Petitioner

v.

# FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 11–1433.

United States Court of Appeals, District of Columbia Circuit.

Nov. 9, 2012.

David A. Borer, Andres M. Grajales, Esquire, American Federation of Government Employees, Washington, DC, for Petitioner.

Rosa M. Koppel, David Shewchuk, Deputy Solicitor, Federal Labor Relations Authority, Washington, DC, for Respondent.

Before: GARLAND, GRIFFITH, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was considered on a petition for review of an order of the Federal Labor Relations Authority (FLRA) and was briefed and argued by the parties. The Court has accorded the issues full

consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review is denied.

The Social Security Administration (the Agency) plans to move its Newport, Rhode Island, field office to a new location. The Agency's floor plan for the new space provides for wall-mounted workstations along an "Interview Barrier Privacy Wall." This privacy wall would separate Agency employees from the public areas of the office. Employees seated at the workstations would conduct interviews through windows in the privacy wall (like teller windows at banks) and complete other tasks at the same workstation. In order to alleviate perceived ergonomic and other deficiencies in the floor plan, the American Federation of Government Employees, Local 1164 (the Union) proposed a "hybrid front-end interviewing floor plan" that would allow each employee to use a cubicle in the back of the office for work that does not require interviewing as well as the workstation mounted to the privacy wall for work that does.

After the Agency refused to negotiate over the proposal, the Union petitioned the FLRA for review. The FLRA dismissed the petition, holding that the Agency need not negotiate over a proposal that was not an "appropriate arrangement[ ] for employees adversely affected by" management's exercise of its authority to determine the "methods, and means of performing work." *See* 5 U.S.C. §§ 7106(b)(1)-(3) (2006). The FLRA reached this decision after concluding that the Union's proposal would interfere with management rights by "totally eliminat[ing] the single-workstation setup chosen by the Agency" and by "lessen[ing] the Newport office's ability to fulfill its mission to serve the public efficiently...."

*Am. Fed'n of Gov't Emps., Local 1164 and Soc. Sec. Admin.,* 66 F.L.R.A. No. 24, 117, 2011 WL 4381075 (2011) (*Local 1164*). The Union now petitions this Court for review, arguing that the FLRA applied the incorrect test to determine whether or not the proposal is "appropriate."

We have held that "a proposal that infringes on a management right is negotiable as an 'appropriate arrangement' under section 7106(b)(3) ... if it does not excessively interfere with management's rights." *Patent Office Prof'l Ass'n v. FLRA,* 873 F.2d 1485, 1491 (D.C.Cir.1989) (citing *Am. Fed'n of Gov't Emps., Local 2782 v. FLRA,* 702 F.2d 1183, 1188 (D.C.Cir.1983)). In *National Association of Government Employees, Local R14–87 and Kansas Army National Guard (KANG),* the FLRA made that determination by "weighing the competing practical needs of employees and managers." 21 F.L.R.A. No. 4, 31–32 (1986). The FLRA identified five illustrative but not exhaustive factors that could be used in that balancing depending on the facts and circumstances of the case at hand. *Id.* at 32–33. Here, the FLRA looked at two of those factors, one of which is relevant to this petition for review. Considering "the effect of the proposal on effective and efficient government operations," *id.* at 33, the FLRA determined that the Agency need not negotiate over the Union's proposal because it would "lessen the Newport office's ability to fulfill its mission to serve the public efficiently." *Local 1164, supra,* at 117.

The Union argues that the balancing test in *KANG* has been revised by the formulation in *Am. Fed. of Gov't Emps., AFL–CIO, Local 1923 v. FLRA (Local 1923),* which, the Union contends, makes the primary factor "the extent to which the interference hampers the ability of an agency to perform its core functions—*to get its work done in an efficient and effec-*

*tive way.*" 819 F.2d 306, 308–09 (D.C.Cir. 1987) (emphasis added). We need not decide whether the Union has correctly interpreted the relationship between *KANG* and *Local 1923* because in this case the FLRA conducted the very inquiry the Union says *Local 1923* requires, concluding that the proposal would "lessen the Newport office's ability to fulfill its mission to serve the public *efficiently*." *Local 1164, supra,* at 117 (emphasis added).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.